**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Kevin T. Hardy, | ) | |
| | ) | Civil Action No. 5:17-cv-00306-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Bryan P. Stirling, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Kevin T. Hardy filed for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report") issued on March 8, 2019. (ECF No. 38.) For the following reasons, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 38), **GRANTS** Respondent Bryan P. Stirling's Motion for Summary Judgment (ECF No. 29), and **DISMISSES** Petitioner's Writ of Habeas Corpus (ECF No. 1) with prejudice.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards which this court incorporates herein without full recitation. On July 27, 2005, Petitioner was pulled over on I-85 in Greenville County, South Carolina, for traffic violations and a defective windshield. (ECF No. 38 at 2.) After issuing a warning for the infractions, the officer detained Petitioner until another officer and a canine unit arrived. (*Id.*) After the canine alerted, the officers discovered five bags of cocaine in a duffel bag in Petitioner's trunk. (*Id.*). In October 2005, A jury convicted Petitioner of trafficking cocaine and crack cocaine and then sentenced him to concurrent terms of twenty-five years' imprisonment. (*Id.*) Petitioner timely appealed (ECF No. 28-5 at 4) and on May 23, 2012, after

full briefing, the South Carolina Court of Appeals affirmed Petitioner's convictions. *See State v. Hardy*, 2012 WL 10841841 (S.C. Ct. App. May 23, 2012). Remittitur issued on June 12, 2012. (ECF No. 28-7.)

On March 12, 2013, Petitioner filed a *pro se* PCR application in the Greenville County Court of Common Pleas, asserting ineffective assistance of his trial and appellate counsel, and on October 1, 2013, Petitioner amended his PCR application to add ineffective assistance of counsel claims. (ECF No. 28-4 at 1–2.) On October 22, 2014, the PCR court held an evidentiary hearing. (ECF No. 38 at 4.) On December 19, 2014, the PCR court issued an order denying and dismissing Petitioner's application. (ECF No. 38 at 4.) Petitioner timely filed a petition for writ of certiorari in the South Carolina Supreme Court, raising one issue:

> Trial counsel erred in failing to object to the illegal traffic stop of petitioner on the basis of discrimination due to racial profiling because one reason for the stop was that petitioner was a "black male driving alone," which constituted an unconstitutional race-based rationale prohibited by the Fourteenth Amendment Equal Protection Clause.

(*Id*.) On November 9, 2016, after full briefing from Petitioner and the State, the South Carolina Supreme Court denied certiorari, and remittitur issued on November 29, 2016, and was filed on December 15, 2016. (ECF No. 38 at 5.) On February 1, 2017, Petitioner filed this action. (ECF No. 1.) The court issued an order reopening the case after a filing error resulted in a voluntary dismissal. (ECF No. 17.) Petitioner filed an Amended Habeas Petition on October 8, 2018. (ECF No. 20.) Petitioner raises the following grounds for relief:

1. Mr. Hardy's Conviction Violates the Fourth, Fifth and Sixth Amendments of the United States Constitution as the Trial Court Judge Erred When Admitting Evidence that was Obtained in Violation of the United States Constitution.

2. Mr. Hardy's Conviction Violates the Fourth, Fifth and Sixth Amendments of the United States Constitution as the South Carolina Court of Appeals Erred by Constitutionalizing a[n] Inordinate and Prolonged Seizure of his Person and

Property.

3. Collateral Counsel was Ineffective to the Prejudice of the Applicant by Failing to Raise the Issue of Whether Corporal Owens had Reasonable Suspicion to Prolong the Initial Traffic Stop and Search Mr. Hardy's Vehicle;

4. Trial and Collateral Counsel were Ineffective to the Prejudice of the Applicant by Failing to Object to Corporal Owen's [sic] Decision to Frisk Mr. Hardy Pursuant to Terry v. Ohio, which Resulted in Corporal Owens Illegally Obtaining the Money on Mr. Hardy's Person that was Used as One of the Reasonable Suspicion Factors. This was a Violation of the Applicant[']s Fifth, Sixth, and Eighth Amendment Rights of the United States Constitution.

5. Trial and Collateral Counsel were Ineffective to the Prejudice of the Applicant by Failing to Object to Corporal Owens['] Use of Race as One of the Factors that Led Corporal Owens to Believe that Criminal Activity was Afoot. Corporal Owens['] Use of Race was a Violation of Mr. Hardy's Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

(ECF No. 38 at 14-25 (citing ECF No. 20 at 6–7, 14, 16, 19, 23)).)

## II. LEGAL STANDARDS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making de novo determinations of those portions of the Report to which specific objections are made. See 28 U.S.C. § 636(b)(1); See also Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc.*

*Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Summary judgment is appropriate when the materials in the record show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in its pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id*. at 324.

### III. ANALYSIS

A. Ground One

Ground One of the Habeas Petition involves the trial court's admission of evidence allegedly obtained in violation of the Constitution. (ECF No. 38 at 14.) The Magistrate Judge found that Ground One is not procedurally barred (ECF No. 38 at 15), adding that:

> [I]t is unclear whether Petition did in fact seek review of the Court of Appeals' decision. While Petitioner and Respondent both assert [that] he did not, the PCR court indicated in its order, 'it appears that the decision of the Court of Appeals has been directly appealed to the South Carolina Supreme Court and that such a hearing request is currently pending.'

(ECF No. 38 at 15 n.4.)

Petitioner argues that the alleged "appellate impairment" revealed in the Report is not raised in his original filing and "can give no reason for this oversight and the footnote accurately cites to the PCR court's order in her decision denying relief." (ECF No. 39 at 4.) Moreover, the Petitioner contends that the "appellate impairment" does not give him an opportunity to litigate whether the seizure issue 'was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.'" (*Id.* at 5.) However, the Magistrate Judge determined that Ground One raises "freestanding Fourth Amendment claims" regarding the allegations that the trial court erred in denying his motion to suppress and erred in its reasonable suspicion analysis. (ECF No. 38 at 17-18.) When the State has provided an opportunity for full and fair litigation to a habeas petitioner, the court need not address the merits of the claims. *See Stone v. Powell*, 428 U.S. 465, 481–82 (1976).

Here, the record supports the Magistrate Judge's finding that "Petitioner was afforded every full and fair opportunity to litigate his Fourth Amendment challenge to the traffic stop and search of his vehicle in the state courts and should not be permitted to relitigate that issue in this habeas proceeding." (ECF No. 38 at 18.) The Magistrate Judge found that "Petitioner's trial counsel moved to suppress the evidence from the search of Petitioner's car . . . had a full suppression hearing regarding the factors leading to the traffic stop, the nature of the stop, the length of the stop, and the factors for extending the stop . . ., " and that "trial counsel renewed his suppression motion throughout Petitioner's trial, but lost on the merits." (*Id.* (citing *Boggs v. Blair*, 892 F.2d 1193, 1199–1200 (4th Cir. 1989) (finding federal habeas petitioner not entitled to merits review where he made a motion to suppress and had a full suppression hearing in state court on his Fourth

Amendment claim).) Furthermore, Petitioner raised his Fourth Amendment arguments on direct appeal, the appellate court considered those arguments, and denied them on the merits. *See State v. Hardy*, 2012 WL 10841841, at *1 (S.C. Ct. App. May 23, 2012). "Petitioner has not provided a reason to question the fairness of any of these proceedings." (ECF No. 38 at 18.) Therefore, the court finds that summary judgment is appropriate for Ground One.

B. <u>Grounds Two, Three, Four, Five</u>

The Magistrate Judge assessed Grounds Two, Three, Four, and Five of the Petition, and the Report recommends that the court grant Respondent's motion on these grounds. Petitioner has not objected to the Report in this regard, and there is no clear error on the face of the record. *See Diamond*, 416 F.3d at 315. Accordingly, the court finds that summary judgment is appropriate for Grounds Two, Three, Four, and Five.

## IV. CONCLUSION

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 38), **GRANTS** Respondent Bryan P. Stirling's Motion for Summary Judgment (ECF No. 29), and **DISMISSES** Petitioner's Writ of Habeas Corpus (ECF No. 1) with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 30, 2019
Columbia, South Carolina